72 Cal.App.3d 417 (1977)
140 Cal. Rptr. 133
Guardianship of R.C., a Minor.
JEROME A. LACKNER, as Director, etc., Plaintiff and Respondent,
v.
R.C., Defendant and Appellant. Guardianship of R.S., a Minor. JEROME A. LACKNER, as Director, etc., Plaintiff and Respondent,
v.
R.S., Defendant and Appellant. Guardianship of M.D., a Minor. JEROME A. LACKNER, as Director, etc., Plaintiff and Respondent,
v.
M.D., Defendant and Appellant.
Docket Nos. 39885, 39886, 39887.
Court of Appeals of California, First District, Division Four.
August 4, 1977.
*418 COUNSEL
Robert Nicco, Public Defender, and Estella W. Dooley, Deputy Public Defender, for Defendants and Appellants.
Evelle J. Younger, Attorney General, John J. Klee, Jr., and Winifred L. Younge, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
CHRISTIAN, J.
These appeals are from orders appointing the director of the department of health guardian of the persons of appellants, who are mentally disabled persons.
*419 (1) Appellants contend that the appointment of the Director of Health as guardian of their persons, under section 416 of the Health and Safety Code, deprives them and other developmentally disabled persons similarly situated of the protection the relationship is presumed to provide because a conflict of interest is created. Appellants contend that the appointment of the Director of Health as their guardian reduces the guardian-ward relationship to a mere legal fiction.
Appellants concede that as developmentally disabled persons as defined in section 38003, subdivision (h),[1] of the Health and Safety Code, they are in need of a guardian. Appellants point out that they presently reside in state institutions administered by the Director of Health, and that they are eligible for the services of the regional centers which are funded and controlled by the Director of Health. Appellants argue that inherent in this relationship is a potential conflict between the interests of appellants and the interests of their guardian, such that the interest of appellants cannot be adequately protected. They argue that the appointment of the State Director of Health as their guardian fails to provide them with the impartial agent necessary to protect their right to privacy, their right to refuse unnecessary medical or surgical treatment (see Welf. & Inst. Code, § 7518), their right to receive effective treatment, and other civil rights accorded to wards or mentally disordered persons. (See Prob. Code, § 1461.5; Health & Saf. Code, §§ 416.23, 38110 [repealed Stats. 1976, ch. 1368, § 1; see now § 38223]; see also Health & Saf. Code, §§ 38002, 38004, 38009.1, 38223 [added Stats. 1976, chs. 1364, 1368, effective Jan. 1, 1977].) According to appellants, the director's role as guardian of appellants and as protector of their rights and interests is in potential conflict with the director's role as manager of the state mental hospital system. But appellants' argument is contrary to the express provisions of the applicable statute. Section 416 of the Health and Safety Code provides as follows:
"The Director of Health may be appointed as either guardian or conservator of the person and estate, or person or estate, of any developmentally disabled person, who is either of the following:
*420 "(1) Eligible for the services of a regional center.
"(2) A patient in any state hospital, and who was admitted or committed to such hospital from a county served by a regional center." (See Health & Saf. Code, § 38150 [renumbered and amended by Stats. 1976, ch. 1373, § 8; now § 38500]; see also 58 Ops.Cal.Atty.Gen. 688 (1975).)
There are two methods by which the director may be appointed guardian of a developmentally disabled person: One method is through nomination by a parent, relative or friend of the developmentally disabled person, or through nomination by a prior guardian, or through nomination by the developmentally disabled person himself. (See Health & Saf. Code, § 416.5.) The second method by which the Director of Health may become guardian is by the director's making direct application to the court for appointment. (See Health & Saf. Code, § 416.6; 58 Ops.Cal.Atty.Gen. 688, 690 (1975).)
Section 416.16 of the Health and Safety Code provides that, upon his appointment, the Director of Health shall have the same powers and duties as those established for guardians in the Guardianship Act (see Prob. Code, § 1400 et seq.). When acting as guardian of the person of a developmentally disabled person, the Director of Health is directed to maintain close contact with the developmentally disabled person, to "act as a wise parent would act in caring for his developmentally disabled child" and to "permit and encourage maximum self-reliance on the part of the developmentally disabled person under his protection." (Health & Saf. Code, § 416.17.) The statutory duty of the director as guardian is thus to act in the best interests of the disabled ward. The designation of a public agency to undertake the responsibilities of guardianship of developmentally disabled persons is a matter for legislative determination, in the absence of a pertinent constitutional restriction.
Affirmed.
Caldecott, P.J., and Rattigan, J., concurred.
A petition for a rehearing was denied August 31, 1977. An application to the Supreme Court for a hearing on its own motion was denied November 2, 1977.
NOTES
[1] Health and Safety Code section 38003, subdivision (h): "`Developmental disability' means a disability ... which originates before an individual attains age 18, continues, or can be expected to continue, indefinitely, and constitutes a substantial handicap for such individual. As defined by the Director of Health this term includes disabilities found to be closely related to mental retardation or to require treatment similar to that required for mentally retarded individuals. Such disabilities may be attributable to mental retardation, cerebral palsy, epilepsy, autism, or other neurological handicapping conditions." (Italics added, repealed by Stats. 1976, ch. 1364, § 1; see, now, Health & Saf. Code, § 38010, subd. (a).)